UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CALVIN MALONE,<br><br>               Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE SPECIAL COMMITMENT CENTER CHIEF MEDICAL DIRECTOR, DR. LESLIE SZIEBERT; WASHINGTON STATE SPECIAL COMMITMENT CENTER, GALINA DIXON, ARNP, and JOHN DOES 1-25 and JANE DOES 1-25,<br><br>               Defendant. | CASE NO. 3:15-CV-05552-RBL-DWC<br><br>REPORT AND RECOMMENDATION TO DISMISS DOE DEFENDANTS WITHOUT PREJUDICE<br><br><br>Noting Date: February 26, 2016 |

      Plaintiff, a Washington State civilly-committed detainee proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 6, 2015. Dkt. 1.[1] Plaintiff has named

---

[1] In conjunction with three other civilly-committed detainees, Plaintiff originally brought the claims in this action in one complaint in case number 3:15-cv-05226-RBL-DWC . Based upon the allegations in that complaint, the Court determined Plaintiffs' claims did not satisfy the requirements for permissive joinder articulated in Federal Rules of Civil Procedure 20 and 21. *See Mitchell, et. al., v. State of Washington et al.*, 3:15-cv-05226-RBL-DWC, Dkt. 5, 8 (W.D. Wash. 2015). The Court entered an order separating the claims of the four Plaintiffs, ordering Plaintiff Mitchell to file an amended complaint addressing only his individual claims, and dismissing the other Plaintiffs from the action without prejudice, with leave to file their individual claims as separate actions. *Id.*

1  John Does 1-25 and Jane Does 1-25 ("Doe defendants") as defendants in this action. On
2  December 14, 2015, the Court ordered Plaintiff to provide the names and addresses of the Doe
3  defendants within 30 days of the date of the order. The deadline for Plaintiff to comply with this
4  Court's order was January 14, 2016. As of the date of this report and recommendation, Plaintiff
5  has not provided the names and addresses of the Doe defendants to the Court.

6  The use of "John Doe" to identify a defendant is not favored. *Gillespie v. Civiletti*, 629
7  F.2d 637, 642 (9th Cir. 1980). Although a plaintiff may be given an opportunity after filing a
8  lawsuit to discover the identity of unknown defendants through discovery, the use of Doe
9  defendants is problematic because those persons cannot be served with process until they are
10 identified by their real names. Further, though Plaintiff lists the Doe defendants in the case
11 caption, they are otherwise unmentioned in the complaint or named in Plaintiff's causes of
12 action. Therefore, the undersigned recommends the entry of an order dismissing the Doe
13 defendants from this case without prejudice.

14 Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
15 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
16 6. Failure to file objections will result in a waiver of those objections for purposes of de novo
17 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
18 imposed by Rule 72(b), the clerk is directed to set the matter for consideration on February 26,
19 2016, as noted in the caption.

20 Dated this 4th day of February, 2016.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION TO
DISMISS DOE DEFENDANTS WITHOUT
PREJUDICE - 2