UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CALVIN MALONE, MATTHEW HOPKINS, DARRELL KENT, CHARLES ROBINSON, GEORGE MITCHELL,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE SPECIAL COMMITMENT CENTER CHIEF MEDICAL DIRECTOR, DR. LESLIE SZIEBERT; WASHINGTON STATE SPECIAL COMMITMENT CENTER, GALINA DIXON, ARNP, and JOHN DOES 1-25 and JANE DOES 1-25,<br><br>Defendant. | CASE NO. 3:15-CV-05552-RBL-DWC<br>3:15-CV-05226-RBL-DWC<br>3:15-CV-05553-BHS-DWC<br>3:15-CV-05554-BHS-DWC<br>3:15-CV-05555-RJB-DWC<br><br><br>ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE |

Before the Court is a motion to consolidate case numbers 3:15-cv- 05552-RBL-DWC, 3:15-cv-05553-BHS-DWC, 3:15-cv-05554-BHS-DWC, and 3:15-cv-05555-RJB-DWC with case number 3:15-cv-05226-RBL-DWC. Dkt. 29.

Plaintiffs Calvin Malone ("Malone"), Matthew Hopkins ("Hopkins"), Darrell Kent ("Kent"), and Charles Robinson ("Robinson"), four Washington State civilly-committed

- 1

detainees proceeding *pro se*, filed civil rights actions pursuant to 42 U.S.C. § 1983 on August 6, 2015. *Malone v. Sziebert et al.*, Dkt. 1, 3:15-cv-05552-RBL-DWC; *Kent v. Sziebert et al.*, Dkt. 1, 3:15-cv-05553-BHS-DWC; *Hopkins v. Sziebert et al.*, Dkt. 1, 3:15-cv-05554-BHS-DWC; *Robinson v. Sziebert et al.*, Dkt. 1, 3:15-cv-05555-RJB-DWC. Malone, as well as Hopkins and Robinson, previously filed their claims with a fifth Washington State civilly-committed detainee, Plaintiff George Mitchell ("Mitchell").[1] *Mitchell v. State of Washington, et. al.*, Dkt. 1, 3:15-cv-5226-RBL-DWC.

In *Mitchell*, the Court issued an order dismissing Malone, Hopkins, and Robinson from the case without prejudice, as Mitchell, Malone, Hopkins, and Robinson failed to satisfy the test for permissive joinder articulated in Rule 20(a) and Rule 21 of the Federal Rules of Civil Procedure. *Mitchell*, Dkt. 5, Report and Recommendation on Correcting Improper Permissive Joinder; Dkt. 8, Order Adopting Report and Recommendations, 3:15-cv-5226-RBL-DWC ("the Joinder Order"). Motions to consolidate cases are governed by Rule 42 of the Federal Rules of Civil Procedure. Rule 42(a) provides: "if actions before the court involve a common question of law or fact, the court may join for hearing or trial any or all of the matters at issue in the actions; consolidate the actions; or issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The grant or denial of a motion to consolidate rests in the trial court's discretion. *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. Of California*, 877 F.2d 777, 777 (9th Cir. 1989).

The Court entered the Joinder Order on July 1, 2015. *Mitchell*, Dkt. 8, Order Adopting Report and Recommendations, 3:15-cv-5226-RBL-DWC. Since that time, neither Mitchell, Malone, Hopkins, or Robinson have made any additional allegations of fact, indicated they have

---

[1] All general references to "Plaintiffs" in this order are references to Mitchell, Malone, Hopkins, Robinson, and Kent.

uncovered new facts through discovery, or raised any new claims which were not before the Court at the time it entered its order separating the cases. As the record in Plaintiffs' cases has not materially changed since July 1, 2015, it is premature for the Court to revisit the Joinder Order and consolidate the cases under Rule 42.

Kent, unlike Mitchell, Malone, Hopkins, and Robinson, was not a plaintiff in *Mitchell v. State of Washington*, *et al.* However, with the exception of the individualized description of facts, Kent's complaint is substantively identical to the complaints filed by Malone, Hopkins, and Robinson, and the amended complaint filed by Mitchell. Further, nothing in the facts alleged by Kent in his complaint changes the Court's analysis. Kent alleges he submitted a sick call slip in November 2012, due to ongoing abdominal pain, and was scheduled for an appointment in early December. *Kent*, Dkt. 6, pp. 6-7, 3:15-cv-05553-BHS-DWC. Kent alleges his appointment to see Ms. Dixon "was never written down in the hand written schedule by the medical staff," and he was never informed of the appointment *Id.* at 7. Kent subsequently alleges he was seen by medical staff at an appointment on December 12, 2012 and in an in-room visit on December 13, 2012, but was too delirious to recall what occurred on either day. *Id.* On December 13, 2012, Kent alleges he was admitted to the hospital, where it was discovered he had contracted viral/spinal meningitis. *Id.* Kent alleges his delay in receiving a diagnosis and treatment was caused by the Defendants, and constitutes a violation of his eighth and fourteenth amendment rights. *Id.* As with the complaints of Mitchell, Malone, Hopkins, and Robinson, this is a highly individualized medical claim. Further, the "mere fact that all Plaintiffs' claims arise under the same general law does not necessarily establish a common question of law or fact." *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). Unless the record is developed further, and new

1 | facts or questions of law come to light, the reasoning of the Court's Joinder Order applies
2 | equally well to Kent's complaint.
3 |  As the record in Plaintiffs' cases has not materially changed since the entry of the Joinder
4 | Order, it is ordered that Malone, Hopkins, Robinson, and Kent's motion to consolidate is denied
5 | without prejudice.
6 |  Dated this 8th day of February, 2016.

       */s/ David W. Christel*
       David W. Christel
       United States Magistrate Judge