UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CALVIN MALONE,

    Plaintiff,

v.

LESLIE SZIEBERT,

    Defendant.

CASE NO. 3:15-CV-05552-RBL-DWC

ORDER

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. On November 9, 2017, Plaintiff Calvin Malone, who is housed at the Washington Special Commitment Center ("SCC"), filed a Motion for Summary Judgment ("Plaintiff's Motion"). Dkt. 80. On November 27, 2017, Defendant Leslie Sziebert filed a Motion for Summary Judgment ("Defendant's Motion"). Dkt. 85. After considering the motions and record, the undersigned issued a Report and Recommendation ("R&R") recommending Plaintiff's Motion be denied and Defendant's Motion be granted. *See* Dkt. 93. On March 16, 2018, the Honorable Ronald B. Leighton, the District Judge assigned to this case, entered an Order adopting the R&R. Dkt. 94.

Plaintiff thereafter appealed the Order (Dkt. 94) to the Ninth Circuit Court of Appeals. *See* Dkt. 96, 97. On November 30, 2018, the Ninth Circuit entered a Memorandum vacating the

Order and remanding to this Court Plaintiff's claims alleging constitutionally inadequate medical care and an Equal Protection Clause violation. Dkt. 99. The Ninth Circuit specifically found:

> [I]t is not clear from the record whether defendant Sziebert, or someone else, is responsible for scheduling patients to be transported to medical services. The position description for the Medical Director provides that the Medical Director has "extensive input into the daily operation of the clinical and residential programming," authority "over the entire scope of the [SCC] Program and all of its residential venues," and "direct responsibility for the oversight of all SCC medical policies." Further, Sziebert additionally admitted during his deposition that "there [are] occasions when the health and safety of a resident is compromised due to the physical location of the facility and length of time it takes to transport a patient to medical services." On this record, Sziebert has not met his burden of showing that there is no genuine dispute of material fact as to whether he was responsible for the alleged violations.

*Id.* at p. 2. The Ninth Circuit issued its mandate on December 24, 2018. *See* Dkt. 100.

In light of the decision from the Ninth Circuit, the Court directs the parties to file a joint status update. The parties shall provide the Court with the following:

- The status of the case;

- Whether additional discovery is necessary considering the Ninth Circuit's decision, and if so, the scope of discovery;

- What outstanding issues the parties believe the Court should address prior to trial, including whether the parties anticipate further motion practice; and

- Proposed trial dates.

The parties shall file the joint status update on or before March 8, 2019.

Dated this 6th day of February, 2019.

David W. Christel
United States Magistrate Judge